BEFORE THE FIRST DIVISION, SEPTEMBER 8, 1955

**No. 59270.**—D. C. Andrews & Company, Inc. *v.* United States, protest 230068–K (New York).

OLIVER, Chief Judge: This case involves a book, titled "Children At Play," which was assessed with duty at the rate of 70 per centum ad valorem under the provision in paragraph 1513 of the Tariff Act of 1930 for "toy books without reading matter * * *, *other than letters, numerals, or descriptive words*, bound or unbound." [Italics supplied.] Plaintiff claims that the book is properly dutiable at only 7½ per centum ad valorem under the provision in paragraph 1410 of the Tariff Act of 1930, as modified by T. D. 51802, for "Books of paper or other material for children's use, printed lithographically or otherwise, not exceeding in weight twenty-four ounces each, *with reading matter other than letters, numerals, or descriptive words.*" [Italics added.]

The case has been submitted on a sample of the merchandise (plaintiff's exhibit 1). The book in question consists of 10 illustrations depicting young children engaged in different activities. The illustrations are attractively colored, and on each one there is wording suggestive of the picture displayed. The illustrations are printed or processed on pieces of cardboard, approximately 8 inches wide and 7¼ inches high, all of which are bound into a child's book with a colored illustration

on the front, showing a little girl feeding ducks in a pond, and the title of the book, "Children At Play," in large black letters. The book weighs less than 24 ounces.

Of the 10 illustrations comprising the book, plaintiff concedes that the "four captions, 'Milk for the Kittens', 'Bath Time in the Nursery', 'Picking Cherries', and 'Making Sand Pies at the Seaside', are solely descriptive since they describe the scene portrayed." Each of the remaining illustrations has a so-called "caption," employing words that are directly associated with the illustration and supply a description of the action in the picture. A brief explanation of those illustrations follows.

"First Aid In Toy Land" is descriptive of a scene in which a little girl is applying bandages, a Teddy bear is wearing a bandage, and a first-aid kit is close at hand. "His Good Deed" shows a little boy shining a shoe. "Ducky Don't Do That" describes a scene showing a little girl waving her finger in a remonstrative way at a duck that is pecking at a little boy's clothing. "Playtime In The Snow" is descriptive of a winter scene, portraying a snow man, and showing a little girl on a sled and a little boy bouncing in the snow. "Who Spilt The Milk?" is answered by the expression and posture of a little boy, standing close to a table on which there is an overturned pitcher with milk pouring therefrom and being lapped up by a cat. "A Happy Birthday" describes the picture of a little girl carrying a birthday cake, two small boys following her and carrying flowers.

Counsel for plaintiff has conceded that if the book in question is not dutiable under amended paragraph 1410, as claimed, then it is properly classifiable under paragraph 1513, as assessed. The admission is consistent with the judicial interpretation in *B. Westermann Co. (Inc.)* v. *United States*, 17 C. C. P. A. 75, T. D. 43361, to the effect that the competing paragraphs in the present issue involve toy books, the distinction for classification thereunder being whether the reading matter is "other than letters, numerals, or descriptive words." In this case, plaintiff contends that the reading matter shown on each of the illustrations comprising the book in question extends beyond "descriptive words," and, therefore, the present merchandise is removed from classification under said paragraph 1513 and included within the provisions of paragraph 1410, as amended, *supra*.

The issue now before us is the same as that which was presented in the *B. Westermann Co. (Inc.)* case; *supra*. Although that case arose under the Tariff Act of 1922, and the statutory language of the competing paragraphs was not identical with that in the two provisions involved in this case, the construction invoked therein by the appellate court is controlling herein. The substance of the court's conclusion in the cited case is that both paragraphs must be read in connection with each other, and that, in doing so, the provisions for "toy books" in paragraph 1513, *supra*, are plainly limited to such books as are "without reading matter other than letters, numerals, or words descriptive merely of the pictures contained therein," and that the provision for books "for children's use," amended paragraph 1410, *supra*, contemplates toy books that "contain more reading matter than letters, numerals, or words descriptive merely of the objects therein portrayed." That judicial pronouncement was followed in *United States* v. *Frederick Warne & Co.*, 18 C. C. P. A. 380, T. D. 44638.

Under the cited authorities, the book in question is properly classifiable within the provisions of paragraph 1513, *supra*, as assessed by the collector. All of the illustrations in the book under consideration are described in simple words that are easy for a child of tender years to understand. None of the captions, describing the illustrations, includes any words attempting to convey a thought or an idea beyond a description of the activity displayed. The book in question

fits squarely within the provision for "toy books without reading matter * * *, other than letters, numerals, or descriptive words," in paragraph 1513, as classified by the collector.

The protest is overruled and judgment will be rendered accordingly.