(C.D. 4181)

A.C.G. EXPORT IMPORT *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 26, 1971)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General (*Susan C. Cassell*, trial attorney), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: In these three cases which were consolidated for trial, we are called upon to determine the proper tariff classification of certain laminated board books and board leaf books that were exported from England and entered at the port of Los Angeles in 1965. The books were classified by the government as toy books under item 737.52 of the tariff schedules and assessed duty at the rate of 28 percent.

Plaintiff challenges this assessment and claims that the books are dutiable at only 7.5 percent under item 270.40 which covered "[p]icture books (not including toy books) with an accompanying text printed in any language, suitable for the use of children not over 6 years of age." [1]

The importations, more particularly, consist of books (of laminated board and board leaves) that contain imaginative and colorful paintings of animate and inanimate objects, each identified by appropriate caption or legend. For example, the cover page of one book contains a painting of the head of a kitten and the legend "animals I love." The succeeding pages, in turn, contain paintings of various animals, each identified by name. The cover of another book contains a painting of two circus clowns and the caption "1 2 3." Included in the book are paintings of such objects as a boy at a blackboard, accompanied by

---

[1] In passing, it will be noted that P.L. 89–651, §§ 3(a)(1) and (2), Oct. 14, 1966, 80 Stat. 897, among other things, (1) struck out items 270.15 to 270.40 and inserted in lieu thereof item 270.25 to cover "[b]ooks not specially provided for" for which entry was to be free; and (2) amended item 737.52 to cover "[t]oy books, including coloring books and books the only reading matter in which consists of letters, numerals, or descriptive words" for which entry was likewise to be free. This statute, it is to be added, became effective with respect to articles entered, or withdrawn from warehouse, for consumption on or after February 1, 1967. *Id.* § 2; Proclamation No. 3754, Nov. 3, 1966, 31 F.R. 14381. This effective date was, of course, subsequent to entry of the importations involved in the present case.

the caption "Learn to Count with Johnny"; a mouse and a house and the caption "One Little Mouse * One Little House"; two small boys in boats and the caption "Two Small Boys * Two Big Boats"; etc.

In support of its position that the imports are "picture books" within the meaning of item 270.40 (i.e., non-toy books with an accompanying text, suitable for use of children not over six years of age) plaintiff relies on the testimony of a kindergarten teacher in Pasadena, California, who had taught school for some twenty years. Her testimony, in essence, was that she was familiar with books that are suitable for children six years old and under; that prior to her testimony she had examined the books in issue over a period of from ten days to two weeks; that in her opinion the books are suitable for little children two or three years old; and that she did not consider the books to be toys since the books are strictly visual and in her view a toy must be a plaything that can be manipulated. She conceded, however, (on cross-examination), that a child using the book would enjoy its bright colors, and hopefully would be amused by it. Finally, the witness agreed that the legends under the various pictures are simply words or figures describing the pictures.

Against this background, we must conclude (i) that the record thus made fails to negate the presumptively correct chief use of the imported merchandise as toys; and (ii) that plaintiff has not proven that the descriptive words, letters or numerals contained in the imported books fall within the common meaning of the term "text" so as to be properly classifiable within the claimed provision—item 270.40.

To start, headnote 2 to subpart E, part 5, schedule 7 of the tariff schedules provides that for purposes of the tariff schedules, a toy is any article chiefly used for the amusement of children or adults. Therefore, plaintiff had the burden of proving that the imported merchandise was chiefly used for something other than the amusement of children or adults. Further, general interpretative rule 10(e)(i) of the tariff schedules provides that a tariff classification controlled by use (other than actual use) is to be determined in accordance with the use in the United States, at or immediately prior to, the date of importation of articles of that class or kind to which the imported articles belong, and that the controlling use is that use which exceeds all other uses (if any) combined. Measured by these requirements, it is apparent that the testimony of plaintiff's witness falls far short of negating the presumption that the books in issue were chiefly used for the amusement of children. Nowhere is there any testimony that the witness was familiar with books of the same class or kind as the imported books. Nor is there even one specific instance in the record of the witness having seen the books in issue—or similar books—in actual use. Indeed,

the only testimony by the witness as to whether or not the merchandise is a toy is her opinion that she considered it not to be a toy. But even then, she readily agreed that the child using the book is amused by and enjoys it.

Moreover, examination by the court of samples of the imported books confirms the correctness of their classification as toy books. For such examination makes manifest that they are designed "to excite the interest of and to amuse children" and that their "prime appeal * * * is in * * * [their] colorful and imaginative illustrations that can offer repeated fascination to the eye of the child user." *Meadows, Wye & Co., Inc.* v. *United States*, 57 Cust. Ct. 277, 283, C.D. 2788 (1966). In *Meadows, Wye*, it will be noted, books very similar to those presently in issue were held to be properly classified under paragraph 1513 of the Tariff Act of 1930 which covered "[t]oy books without reading matter * * * other than letters, numerals, or descriptive words * * *," rather than under paragraph 1410 which provided for "[b]ooks * * * . for children's use * * * with reading matter other than letters, numerals, or descriptive words." To like effect, the court in *D. C. Andrews & Company, Inc.* v. *United States*, 35 Cust. Ct. 233, Abstract 59270 (1955), held that books entitled "Children At Play" were toy books within the meaning of paragraph 1513 of the 1930 act. The books consisted of colored illustrations of children engaged in different activities, and on each illustration there was wording suggestive of the picture displayed. The basis of the holding—that the books were toy books—was that the wording made no attempt to convey a thought or idea beyond describing the picture. In reaching this conclusion, the court adopted the interpretation of the term "toy book" formulated in *B. Westermann Co. (Inc.)* v. *United States*, 17 CCPA 75, T.D. 43361 (1929), where the court stated (pp. 77–78) :

> Toy books are designed to excite the interest of and to amuse children. The pictures contained therein are usually accompanied by letters, numerals, or words descriptive thereof. It would seem, from the language employed, that it was the purpose of the Congress to provide for books of that character in paragraph 1414 [Tariff Act of 1922]. In any event the provisions for "toy books" are plainly limited to such books as are without reading matter other than letters, numerals, or descriptive words.

As we have seen, paragraph 1513 of the Tariff Act of 1930 covered "toy books without reading matter * * * other than letters, numerals, or descriptive words." Item 737.52 of the tariff schedules includes toy books without any modifying language. Under this broadened statutory provision, the books here in question *a fortiori* are properly classifiable under item 737.52.

This brings us to plaintiff's affirmative claim that the imported books are properly classifiable under item 270.40 which to repeat covers:

> Picture books (not including toy books) with an accompanying text printed in any language, suitable for the use of children not over 6 years of age.

The *Tariff Classification Study, Schedule 2*, p. 137 (1960), indicates item 270.40 was derived from paragraph 1410 of the Tariff Act of 1930 and states that "[t]he provision in paragraph 1410 for children's picture books would be continued in this item *with clarifying changes in language but with no change in the rate of duty or in substance.*" [Emphasis added.] Paragraph 1410, to the extent relevant provided (as we have seen) for—

> Books * * * for children's use * * * with reading matter other than letters, numerals, or descriptive words.

Considering that item 270.40 was intended to be the same in substance as its predecessor paragraph 1410, it follows that the term "text" in item 270.40 was designed to include reading matter other than merely letters, numerals, or descriptive words. This construction is consistent with the following dictionary definitions which indicate that a "text" is something more than letters, numerals, or descriptive words:

> *Webster's New International Dictionary* (1927 ed.) at 2136:

> text * * * n. [ME. *text*, F. *texte*, L. *textus* texture, structure, context, fr. *texere*, *textum*, to weave, construct, compose * * *.] 1. A composition on which a note or commentary is written; * * *.

> *     *     *     *     *     *     *

> 4. An account; story; tale; also, a saying. *Obs.*

> *     *     *     *     *     *     *

> 7. a. The main body of matter on a printed or written page, as distinguished from notes, etc. * * *.

> *Webster's New World Dictionary of the American Language* (1957) at 1508:

> text * * * *n.* * * * 1. the actual structure of words in a piece of writing or printing; wording; * * *.

The short of the matter is that as in the case of paragraph 1410 of the Tariff Act of 1930, item 270.40 was not intended to cover children's books in which the written material consists solely of letters, numerals, or descriptive words. And in this connection, examination of the samples makes apparent—and plaintiff's witness agreed—that the written portions of the books consist solely of letters, numerals, or descriptive words. The books, therefore, do not come within the purview of item 270.40.

The protests are overruled. Judgment will be entered to that effect.