Defendant's motion is denied. So ORDERED.

DAN-DEE IMPORTS, INC., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 81-5-00582

(Decided January 3, 1986)

*Weltz, Stedina & Posner* (*Herbert T. Posner*) for plaintiff.

*Richard K. Willard*, Assistant Attorney General, *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office and *Judith M. Barzilay*, Civil Division, United States Department of Justice, for defendant.

OPINION

RESTANI, *Judge:* This matter is before the court for decision following trial. The issue before the court is whether the merchandise at issue should be classified for tariff purposes as dolls under item 737.22 of the Tariff Schedules of the United States (TSUS), under item 737.95, TSUS, as toys, not specifically provided for, under item 270.25, TSUS, as books, not specifically provided for, or under item 737.52, TSUS, as toy books.

The merchandise in question was imported from Taiwan during 1978 and 1979, and consists of stuffed cloth figures, each of which represents one of several children's fairy tales or stories.[1] Each figure has a human or animal face and a general human shape.[2] Each figure bears three or four apron-like flapswhich are raised to show a new face and to reveal a new "page" of words of a children's story on a background depiction of "clothing." Thus, as the flaps are raised a new character appears.

---

[1] A detailed description of the item is contained in the court's opinion on plaintiff's motion for summary judgment. *Dan-Dee Imports v. United States*, 7 CIT 241, Slip Op. 84–49 at 3–4 (April 30, 1984).

[2] The court notes that contrary to its previous opinion, every figure does not bear a totally human representation. One figure depicts three pigs and one wolf in anthropomorphic form. The court's ruling, however, does not rest on the non-human feature of some of the figures.

Plaintiff's basic argument is that the merchandise in question is more than a doll and cannot be classified under the *eo nomine* TSUS item for dolls. Defendant argues that the merchandise is essentially a doll, that the flap/pages are incidental to the merchandise and do not destroy its essential nature as a doll. It is well settled that "where an article is in character or function something other than as described by a specific statutory provision—either more limited or more diversified—" it cannot be classified within that *eo nomine* provision. *Robert Bosch Corp.* v. *United States,* 63 Cust. Ct. 96, 103–04, C.D. 3881 (1969).

In order to determine whether the merchandise was more than a doll, the court heard testimony on the marketing and use of the figures.[3] Defendant's witnesses were not persuasive on the issue of whether the merchandise was used, sold or purchased as a doll. Mrs. Susan Crowley, a toy store owner, said nothing which was inconsistent with a conclusion that the flap/pages are a vital feature of the merchandise. Mrs. Crowley's account of her observations and marketing techniques was somewhat sketchy and her testimony regarding observation of a five-year-old with the merchandise was consistent with plaintiff's view that the merchandise is more than a doll. Likewise, the testimony of Mrs. Susan Abelson, an owner of one of the figures and a mother, did not outweigh that provided by plaintiff's witnesses. Mrs. Abelson testified that her daughter treated the figure as a doll, but Mrs. Abelson's daughter received the figure when she was two or three years old. Had she received it when she was older or had she been shown to use it differently, she may have treated it as a book or as a more complex toy than a doll. On the other hand, plaintiff's witnesses were clear and convincing in their testimony that essentially the merchandise is marketed and used as an educational toy.

Overall, the testimony at trial revealed that the merchandise may be used as some dolls are used, that is, "mothered" and held. The testimony also revealed that the merchandise is used to amuse or teach children in more complex ways. The item can be read and has other characteristics of a short children's book. It has the equivalent of cloth pages which contain the essential elements of a story. The flap/pages describe, in printed words, the characters and the plot of familiar children's tales. Perhaps the item would appeal to very young children whether or not it contained the words of a story, but the testimony made clear that older children, and the adults who purchase the item for children, view the flap/pages and their contents as more than an incidental feature of the item.

As in other cases, there is a major selling feature which makes the merchandise in the case at bar more than a doll. *House of Ideas, Inc.* v. *United States,* 2 CIT 68 (1981), (papier-mache 1 clown bank); *Janex Corp.* v. *United States,* 80 Cust. Ct. 146, C.D. 4748 (1978)

[3] Use may be considered in making a decision as to whether an *eo nomine* provision applies *United States* v. *Quon Quon Co.,* 46 CCPA 70, 72–73, C.A.D. 699 (1959).

(plastic Raggedy Ann/Andy with enclosed light); *Cragston Corp.* v. *United States*, 51 CCPA 27, C.A.D. 832 (1963) (wind-up baby with walker). As the evidence revealed, the "book" aspect is fundamental to the merchandising of this article. This outweighs the fact that the article was labeled a "Tell-A-Story Doll" or a "Storybook Doll." The merchandise is in fact sold and used as more than a doll.

As to plaintiff's claimed classifications, the item does not appear to fit item 737.52, TSUS, "Toy books, including coloring books and books the only reading matter in which consists of letters, numerals or descriptive words." The actual printed words exceed the limitations of item 732.52, TSUS. See *A.C.G. Export Import* v. *United States*, 66 Cust. Ct. 128, C.D. 4181 (1971).

It is clear from the case of *Russ Berrie* v. *United States*, 76 Cust. Ct. 218, 223, C.D. 4659 (1976) (papier-mache figures with attached message), the "dolls" may include items which are not solely for a child's amusement. Toys, on the other hand, must be used chiefly to amuse children. *Fred Bronner Corp.* v. *United States*, 57 Cust. Ct. 428, 435, C.D. 2832 (1966). Although there was a great deal of testimony about the book-like features of the merchandise, not one witness gave testimony that obviates the conclusion that the major intended use of the merchandise is the amusement of children. As with other educational toys, it is purchased, in part, to foster mental development, but the primary purpose of the article is amusement.

The merchandise is also not a book as that object is commonly understood. Its toy or doll-like features make it something other than or more than a book.

The court concludes, based on all the evidence, that the item at issue must be classified under item 737.95, TSUS, as toys, not specifically provided for. Thus, in this case, not only has the presumption of correctness attaching to the government's classification been overcome, but plaintiff has established a different classification by a preponderance of the evidence.